UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CRAIG MORGAN and JALESSEY POOLE,

    Plaintiffs,

v.                                      Case No. 5:24-cv-12-AW/MJF

BAY COUNTY SHERIFF'S DEPARTMENT, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiffs failed to pay the filing fee, failed comply with three court orders, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On February 6, 2024, the undersigned ordered Plaintiffs to file a motion for leave to proceed *in forma pauperis* or pay the filing fee. Doc. 4. On the same day, the undersigned also ordered Plaintiffs to file a complaint form on the form approved for use in the Northern District of Florida. Doc. 5. The undersigned imposed a compliance deadline of March 7, 2024 with both orders and warned Plaintiffs that the failure to comply

likely would result in dismissal of this action. Doc. 4 at 2; Doc. 5 at 2. Plaintiffs did not comply with either order.

On April 6, 2024, the undersigned ordered Plaintiffs to explain and show cause for their failure to comply with the undersigned's orders of February 6, 2024. Doc. 6. The undersigned imposed a deadline of April 16, 2024, and again warned Plaintiffs that the failure to comply likely would result in dismissal of this action. *Id.* at 2. As of the date of this report and recommendation, Plaintiffs have not complied with that order.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962); Fed. R. Civ. P. 41(b). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Here, Plaintiffs

have not shown good cause, and they have offered no excuse for their failure to prosecute their claim. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Plaintiffs have failed to pay the filing fee, failed comply with three court orders, and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 2nd day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate**

**judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**